**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **OCTAVIO GONZALEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO.: 5:16-CV-00210** |
| | § | |
| **BIG STAR CRUDE CO., LLC,** | § | |
| | § | |
| **Defendant.** | § | **JURY TRIAL DEMANDED** |

---

### PLAINTIFF'S ORIGINAL COMPLAINT

---

Plaintiff Octavio Gonzalez ("Gonzalez" or "Plaintiff") brings this action to recover unpaid liquidated damages, attorneys' fees, and court costs from Big Star Crude Co., LLC ("Big Star" or "Defendant").

### I. NATURE OF SUIT

1.     The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers . . ." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) & 207(a). The FLSA further sets forth penalties for "unpaid minimum wages or unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages," together with reasonable attorneys' fees and court costs, should an employer violate the statute. 29 U.S.C. § 216(b).

2.     Defendant initially violated the FLSA by failing to pay Gonzalez, who was a non-exempt employee, overtime for each hour Gonzalez worked in excess of 40 hours per work week. Although Defendant recently remitted payment for Gonzalez's unpaid overtime

compensation, it failed and refused to compensate Gonzalez any amount in liquidated damages, attorneys' fees, or court costs.   Accordingly, Gonzalez brings this action to recover unpaid liquidated damages, attorneys' fees, and court costs under section 16(b) of the FLSA.

## II. JURISDICTION AND VENUE

3.    This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because it arises under the laws of the United States, and specifically, under the FLSA, 29 U.S.C. § 201, *et seq.*

4.    Gonzalez's claim arises under section 16(b) of the FLSA.   29 U.S.C. § 216(b).   In connection with the acts and course of conduct alleged in this complaint, Gonzalez engaged in commerce or in the production of goods for commerce.   Further, Defendant is an employer that engaged and continues to engage in commerce or in the production of goods for commerce and is, therefore, covered by the FLSA.

5.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), insofar as a substantial part of the events or omissions giving rise to Gonzalez's claim occurred in this judicial district.

## III. THE PARTIES

6.    Plaintiff Gonzalez is a resident of Pearsall, Texas.   Gonzalez was an employee employed by Defendant within the meaning of the FLSA.

7.    Defendant is an Oklahoma limited liability company doing business in the Western District of Texas—San Antonio Division.   Specifically, Defendant employed Gonzalez in Dilley, Frio County, Texas, and as a result, Defendant is within the jurisdiction of this Court. Defendant is an "employer" under the FLSA and acted as such in relation to Gonzalez. Defendant may be served with process by serving its registered agent, Lincoln O. Clifton, at 5501 NE 10th Street, Oklahoma City, Oklahoma 73117.

## IV. FACTS UNDERLYING THE CLAIMS

8. Gonzalez began his employment with Defendant as an oil tester on or about February 25, 2015. He performed in that role until he was terminated by Defendant on or about July 23, 2015.

9. During his employment with Defendant, Gonzalez's job duties were those of a non-exempt employee. As a result, Defendant was required under the FLSA to pay Gonzalez overtime compensation for all hours he worked in excess of 40 hours in a given work week. Nevertheless, Defendant failed and refused to pay Gonzalez any overtime compensation.

10. On or about July 29, 2015, Gonzalez filed a Wage Claim with the Texas Workforce Commission ("TWC") against Defendant, seeking payment for unpaid overtime wages. On October 13, 2015, the TWC determined that Defendant owed Gonzalez $12,201.20 in unpaid overtime. Defendant initially refused to pay Gonzalez the unpaid overtime wages the TWC found Gonzalez was owed, but after Gonzalez retained counsel, Defendant remitted payment in the amount of $12,201.20 for unpaid overtime wages to the TWC on or about February 22, 2016.

11. In remitting payment to the TWC, Defendant did not pay any amount representing the payment of liquidated damages, attorneys' fees, or court costs for its violations of the FLSA. Indeed, when Gonzalez filed his Wage Claim with the TWC, Gonzalez sought only the payment of unpaid overtime wages; he did not seek to recover liquidated damages, attorneys' fees, or court costs, and the TWC did not address liquidated damages, attorneys' fees, or court costs in its determination in favor of Gonzalez. Moreover, Defendant has failed and refused to make payment directly to Gonzalez (or through his counsel) for liquidated damages, attorneys' fees, or court costs for its violations of the FLSA, despite Gonzalez's entitlement to same under section 16(b) of the FLSA.

12.     Additionally, Defendant knew or should have known that its policies and practices violated the FLSA, yet Defendant did not make a good faith effort to comply with the FLSA.  Rather, Defendant knowingly, willfully, and/or with reckless disregard carried out its illegal pattern or practice regarding its failure to pay Gonzalez the proper amount of overtime compensation.

## V. CAUSE OF ACTION

13.     Gonzalez incorporates herein all allegations contained in the preceding paragraphs.

14.     Defendant's failure to pay Gonzalez liquidated damages in amount equal to his unpaid overtime compensation violated section 16(b) of the FLSA.

15.     Gonzalez is entitled to $12,201.20 in liquidated damages, as well as reasonable attorneys' fees and costs of this action.  29 U.S.C. § 216(b).

## VI. JURY DEMAND

16.     Gonzalez hereby demands a trial by jury.

## VII. PRAYER

17.     WHEREFORE, Plaintiff Octavio Gonzalez respectfully requests that judgment be entered in his favor, awarding him:

a.     liquidated damages in the amount of $12,201.20;

b.     reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA, including all fees necessary in the event of an appeal of this cause to the United States Fifth Circuit Court of Appeals and the Supreme Court of the United States, as this Court deems equitable and just;

c.     post-judgment interest at the highest legal rate; and

d.     such other and further relief as may be required at law or in equity.

Respectfully submitted,

**SHELLIST | LAZARZ | SLOBIN LLP**

By: */s/ Daryl J. Sinkule*
    DARYL J. SINKULE
    State Bar No. 24037502
    dsinkule@eeoc.net
    TODD SLOBIN
    State Bar No. 24002953
    tslobin@eeoc.net
    11 Greenway Plaza, Suite 1515
    Houston, Texas 77046
    Telephone: (713) 621-2277
    Facsimile: (713) 621-0993

    **ATTORNEYS FOR PLAINTIFF**
    **OCTAVIO GONZALEZ**